UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21cv24357

EMMANUEL PAZ,

    Plaintiff,

vs.

SMS INTERNATIONAL SHORE
OPERATIONS US INC,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Emmanuel Paz, sues Defendant, SMS International Shore Operations US Inc, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Emmanuel Paz**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendant.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, SMS International Shore Operations US Inc,** is a *sui juris* foreign (Maltese) for-profit corporation that was authorized to conduct and actually conducted its for-profit business in this District, engaging in operations in Miami-Dade and Broward Counties.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, and because Plaintiff worked in Miami-Dade County.

7. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

10. Defendant was Plaintiff's employer, for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

11. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant' business an enterprise covered under the Fair Labor Standards Act.

12. Defendant have been, at all times material, an enterprise engaged in interstate commerce in the course of its .

13. Defendant is a foreign (Maltese) company that conducts international shoreside operations for the cruise industry's foreign-flagged vessels in the United States, including by checking passenger identification necessary for boarding – such as passports, birth certificate, and ID's – and then providing passengers with keys to their rooms aboard the cruise ships destined for foreign ports of call.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

14. Furthermore, Defendant regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

17. Plaintiff worked for Defendant from approximately November 2019 and then covid in March 2020, and then again from August of 2021 until present.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

19. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his work checking the identification necessary for passenger who arrived from outside of the State of Florida to board cruise ships– such as passports, birth certificate, and ID's – and then providing these passengers with keys to their rooms aboard the cruise ships destined for foreign ports of call.

20. Defendant paid plaintiff at an hourly rate of $12.00/hour for each hour worked, which rate increased to $15.50/hour in approximately September of 2021.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

21. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendant.

### *Liability*

22. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

23. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

24. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay an overtime rate, and/or Defendant concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

25. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Emmanuel Paz, demands the entry of a judgment in his favor and against Defendant, SMS International Shore Operations US Inc, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Emmanuel Paz, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of December 2021,

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue
>Suite 770
>Coral Gables, FL 33146
>Tel:    305.230.4884
>*Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*